# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-41375
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERARDO CARILLO DELBOSQUE,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CV-252

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

This court granted Gerardo Carillo Delbosque, federal prisoner # 16494-078, a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 motion, wherein he challenged his 250-month sentence for engaging in a continuing criminal enterprise. *See United States v. Delbosque*, No. 14-41375 (5th Cir. Sept. 9, 2015). The COA specified the issues on appeal as follows: (1) whether the appeal-waiver provision barred Delbosque's § 2255 motion as it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41375

pertains to his claims that counsel's ineffectiveness rendered his plea agreement invalid; (2) whether Delbosque stated a claim of ineffective assistance of counsel based on his allegation that counsel obtained his signature on the plea agreement without informing him of the nature of the document and instructed him to answer all of the court's questions in the affirmative during rearraignment; (3) whether Delbosque stated a claim of ineffective assistance of counsel based on his allegation that counsel advised him to agree to a non-advantageous plea agreement stipulating that he had acted in concert with at least five other persons where the facts of the case did not support it; and (4) whether the district court erred in failing to hold an evidentiary hearing.   A COA was denied as to Delbosque's ineffective assistance of counsel claims related to sentencing issues.

Without conceding that Delbosque's guilty plea was unknowing and involuntary, the Government acknowledges that the appeal-waiver provision in Delbosque's plea agreement did not bar all of his ineffective assistance of counsel claims.   The Government further acknowledges that Delbosque arguably has raised claims of ineffective assistance of counsel.  In order to give Delbosque's defense counsel an opportunity to respond to Delbosque's allegations, the Government requests that the case be remanded to the district court for an evidentiary hearing.  Delbosque opposes the Government's motion, arguing that an evidentiary hearing is unnecessary since it is evident from the record that he was denied effective assistance of counsel in connection with his guilty plea and plea agreement.

The Government's motion is well-taken since the record is not sufficiently developed for a determination of the merits of Delbosque's ineffective assistance of counsel claims.   *See United States v. Villegas-Rodriguez*, 171 F.3d 224, 230 (5th Cir. 1999).  Accordingly, the district court's

2

## No. 14-41375

judgment is vacated in part and the case is remanded for an evidentiary hearing on the issues on which a COA was granted. The Government's alternative motion for an extension of time to file an out-of-time brief is denied as moot. Delbosque's motion for appointment of counsel on appeal is also denied.

MOTION TO REMAND GRANTED; JUDGMENT VACATED IN PART; MOTION FOR EXTENSION OF TIME TO FILE OUT-OF-TIME BRIEF AND MOTION FOR APPOINTMENT OF COUNSEL DENIED.